Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBRA MCCLAIN, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. | |
| PIONEER CREDIT RECOVERY, INC., a corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by Plaintiff against Defendants for violations of the Federal Fair Debt Collection Practices Act and California Rosenthal Fair Debt Collections Practices Act which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.

§1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## II. PARTIES

3. Plaintiff ALBRA MCCLAIN is a natural person residing in the state of California, County of Sacramento.

4. Defendant PIONEER CREDIT RECOVERY, INC. at all times relevant was a corporation doing business of collecting debts in Sacramento County, California operating from an address at 26 EDWARD STREET, ARCADE, NY 14009.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and Rosenthal Act, California Civil Code §1788.2(c).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

7. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

8. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

9. The purported debt which Defendants attempted to collect from Plaintiff is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

10. The true names and capacities, whether individual, corporate (including officers and directors), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted

in subsequent proceedings and that this action proceed against them under their true names.

### III. FACTUAL ALLEGATIONS

11. On a date unknown, Defendant Pioneer Credit Recovery obtained information regarding an alleged debt that Plaintiff purportedly owed (the "Account").

12. Pioneer Credit Recovery contacted Plaintiff on her cell phone to collect on the Account.

13. Plaintiff instructed Pioneer Credit Recovery to stop calling her, yet Pioneer Credit Recovery ignored the request and continued to call Plaintiff.

14. Pioneer Credit Recovery further called Plaintiff at work numerous times and left messages for her.

15. Pioneer Credit Recovery also called members of Plaintiff's family regarding the Account.

16. As a result of Pioneer Credit Recovery's conduct, Plaintiff suffered emotional distress.

### IV. FIRST CAUSE OF ACTION
### (Against all Defendants for Violations of the FDCPA)

17. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

18. Defendants violated the FDCPA, by including but not limited to, the following:

    (a) Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff ;

    (b) Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

    (c) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more

than once;

(d) Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

(e) The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication;

(f) Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt; and

(g) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

19. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## V. SECOND CAUSE OF ACTION

**(Against all Defendants for Violations of the Rosenthal Act)**

20. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

21. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.12(a) by communicating with the Plaintiff's employer regarding the debtor's debt;

(b) Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's

family; and

    (c)    Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

22. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a proximate result of Defendants' violations enumerated above, Plaintiff was damaged in amounts which are subject to proof.

24. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

    (a)    Actual damages;

    (b)    Statutory damages;

    (d)    Costs and reasonable attorney's fees; and

    (e)    For such other and further relief as the Court may deem just and proper.

Date: March 17, 2020        _____s/ Jeremy S. Golden_____
                                    Jeremy S. Golden
                                    Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: March 17, 2020        _____s/ Jeremy S. Golden_____
                                    Jeremy S. Golden
                                  Attorney for Plaintiff